IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN DENMAN,  )
       ) 2:11-cv-00310-GEB-JFM
     Plaintiff,  )
       )
  v.  ) ORDER
       )
CITY OF TRACY, JANET THIESSEN,  )
and DOES 1 to 20, inclusive,  )
       )
     Defendants.  )
_____ )

        Defendants City of Tracy ("City") and Janet Thiessen, the City's police chief ("Thiessen"), move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for an order dismissing Plaintiff's Fourteenth Amendment substantive due process excessive force claims alleged under 42 U.S.C. § 1983; and for Thiessen moves for dismissal of Plaintiff's negligence and battery claims which are alleged under California law. Plaintiff § 1983 claims against Thiessen are alleged against her in both her official and individual capacities.

## I. Legal Standard

        To avoid dismissal under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).

In analyzing whether a claim has facial plausibility, a court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

## II. Factual Allegations

The following factual background is based on Plaintiff's allegations in his Complaint. "On or about August 31, 2010, [Plaintiff] was driving home" when "a City of Tracy police officer pulled [him] over for a minor traffic infraction[.]" (Compl. ¶ 7.) The officer obtained Plaintiff's "permission to search the vehicle[,]" discovered "a lug nut wrench underneath the driver's seat[,]" and arrested Plaintiff for "felony possession of a deadly weapon." Id. ¶ 8. "At no time during the traffic stop was [Plaintiff] combative or physically aggressive." Id. ¶ 9.

When Plaintiff arrived at the police station, he was "kept handcuffed and placed in a chair with his hands behind his back." Id. ¶ 10. He "began voicing his objection to the arrest." Id. "One of the officers . . . became enraged by [Plaintiff's] comments and rushed over[,] grabbed him by the neck and violently threw [him] to the floor[,]" causing Plaintiff to strike his head on the floor. Id. ¶ 11. "[O]ther officers struck [Plaintiff] with their knees and elbows and jumped on top of him." Id. ¶ 12. The officers then "wrapped [Plaintiff] in a restraint device similar to a straight-jacket and placed a hood or blindfold device over [Plaintiff's] head." Id. ¶ 13. "The officers also tightened [Plaintiff's] handcuffs to the point that they [caused him] extreme pain." Id. Plaintiff was "treated for a concussion," experiences "ongoing back pain[,]" and "had a lump on his head and a black eye following the officers' use of force." Id. ¶ 16. Plaintiff "does not know the names of the police officers who were involved in the incident." Id. ¶ 29.

### III. Discussion

**A. § 1983 Substantive Due Process Claim**

Defendants make the following arguments concerning why they contend Plaintiff's substantive due process claim should be dismissed:

> [Plaintiff's] claims are for excessive force related to his arrest. The Fourth Amendment provides an explicit textual source of constitutional protection for pretrial deprivations of liberty, thus [P]laintiff's claims must be analyzed under the Fourth Amendment, and the Fourteenth Amendment['s protection of substantive due process] affords him no basis for relief. Plaintiff's complaint contains no factual allegations at all to support a Fourteenth Amendment claim that is distinct from his Fourth Amendment excessive force claim.

(Mot. 6:4-9.)

1  Plaintiff does not oppose this portion of Defendants' motion,
2 and since his factual allegations do not support his substantive due
3 process claim, this claim is dismissed.

**B. § 1983 Official Capacity Excessive Force Claim Against Thiessen**

Thiessen also argues Plaintiff's official capacity excessive force claim against her should be dismissed since it is "reduntant" of the same claim alleged against the City. Id. 7:12. Plaintiff "concedes [the excessive force claim] against . . . Thiessen in her official capacity . . . should be dismissed[.]" (Opp'n 4:13-14.) Therefore, this portion of Thiessen's motion is granted.

**C. § 1983 Individual Capacity Excessive Force Claim Against Thiessen**

Thiessen also argues Plaintiff's § 1983 excessive force claim against her in her individual capacity should be dismissed, since the claim "contains no allegations that [she] was present during [P]laintiff's encounter with police, or that she participated in or directed any of the acts alleged in the complaint." (Mot. 6:26-28.) Thiessen further argues: "To the extent [P]laintiff seeks to impose supervisory liability against . . . Thiessen, [P]laintiff's complaint fails to specifically plead facts sufficient to state any such claim." Id. 7:3-5 (emphasis omitted). Plaintiff rejoins he has sufficiently plead that Thiessen is liable in her supervisory capacity, since Plaintiff "has alleged specific facts to indicate . . . Thiessen promulgated policies which 'set in motion a series of acts by others' which directly led to the use of excessive force against Plaintiff." (Opp'n 4:25-27 (quoting Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991).)

To establish supervisory liability under § 1983:

> [A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of

4

> the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.

Redman v. Cnty. of San Diego, 942 F.2d 1435, 1447 (9th Cir. 1991).

> The requisite causal connection can be established . . . by setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury[.] A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.

Starr v. Baca, --- F.3d ----, 2011 WL 2988827, at *5 (9th Cir. Jul. 25, 2011) (internal citations and quotation marks omitted).

Plaintiff alleges the following in his Complaint concerning Thiessen's supervisory liability:

> The abuses in question were the product of a culture of tolerance within the Tracy Police Department. This culture is rooted in the deliberate indifference of high ranking City and County officials, including, but not limited to, Defendant Thiessen and/or other high ranking Tracy Police Department officials and/or supervisors, individually and/or acting in concert with one another, who have routinely acquiesced in the misconduct and otherwise failed to take necessary measures to prevent and curtail such misconduct.
>
> The incidents described herein were caused by the deliberate indifference of . . . Defendant Thiessen, and/or other high ranking Police Department officials and/or supervisors, with regard to the need for more or different training and/or supervision and/or discipline of its police officers, including, but not limited to, the unknown officers involved in the above described incident.
>
> The incidents described herein were caused by . . . Defendant Thiessen's customs, policies and/or practices of failing to ensure that officers were encouraged by their training officers, in the

5

academy and elsewhere, to engage in acts of misconduct against citizens and to falsify reports and evidence.

The incidents described herein were caused by . . . Defendant Thiessen failing to fully and/or fairly investigate alleged misconduct [of City] police officers.

The incidents described herein were caused by . . . Defendant Thiessen failing to appropriately monitor or otherwise track complaints of misconduct against [City] police officers so that appropriate and timely disciplinary action and/or training could be taken when officers were shown to have a history of complaints.

The incidents described herein were caused by . . . Defendant Thiessen failing to promptly remove or terminate officers who repeatedly violated the rights of citizens and/or engaged in the type of misconduct alleged herein.

The incidents described herein were caused by . . . Defendant Thiessen's customs, policies or practices which encouraged, authorized or condoned false arrests, fabrication of evidence, falsification of police reports and/or other misconduct which foreseeably would result in the violation of the rights of citizens.

As a result of . . . Defendant Thiessen's policy of indifference, a custom or practice developed within the Tracy Police Department whereby it was accepted practice for police officers to abide by a "Code of Silence." Under this Code, police officers charged with upholding the law routinely ignored or otherwise failed to report or take action against fellow police officers who engaged in misconduct, including, but not limited to, the unknown officers involved in the above described incident.

Defendant Thiessen tacitly or directly ratified, approved, condoned and/or otherwise encouraged a pattern, practice, custom or policy of misconduct and/or civil rights violations by her subordinates, such as occurred in the instant case.

Prior to the subject incident, . . . Defendant Thiessen and/or other high ranking members of the Tracy Police Department were on actual notice of problems with the accountability of Tracy Police Officers, including, but not limited to, problems with the ability of the Internal Affairs Bureau of

>     the Tracy Police Department to fully, fairly, and objectively investigate citizens complaints concerning misconduct of members of the Tracy Police Department.
>
>     As a result of customs, policies, practices and/or the lack thereof, . . . Defendant Thiessen and/or high ranking supervisors of the Tracy Police Department have encouraged, authorized, ratified, condoned and/or have failed to remedy continuing acts of misconduct and civil rights violations, including, but not limited to, those which have resulted in the damage as alleged herein to [Plaintiff].

(Compl. ¶¶ 18-28.)

These allegations "lack[] specific facts to link [Thiessen's] conduct and [P]laintiff['s] alleged constitutional deprivations." Arres v. City of Fresno, No. CV F 10-1628-LJO-SMS, 2011 WL 284971, at *18 (E.D. Cal. Jan 26, 2011). Plaintiff alleges "no specific facts that [Thiessen] knew of constitutional violations and failed to respond to prevent them[;]" nor does he allege "specific facts that [Thiessen] promulgated or implemented a deficient policy to repudiate constitutional rights." Id. Plaintiff also does not allege specific facts concerning Thiessen's "culpable action or inaction in the training, supervision, or control of h[er] subordinates; . . . h[er] acquiescence in the [alleged] constitutional deprivation; or [her] reckless or callous indifference to the rights of others." Starr v. Baca, 2011 WL 2988827, at *5. Instead, Plaintiff's allegations constitute "'naked assertion[s]' devoid of 'further factual enhancement[,]'" which are insufficient to survive a Rule 12(b)(6) dismissal motion. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Therefore, this portion of Thiessen's dismissal motion is granted.

**D. Negligence and Battery Claims Against Thiessen**

Thiessen also that argues Plaintiff's negligence claim against her should be dismissed since "Plaintiff[] . . . does not even attempt to identify what . . . Thiessen's alleged duty [of care] was and [alleges] no facts as to how she purportedly breached any duty owed to [P]laintiff." (Mot. 8:19-21.) Plaintiff counters he has sufficiently pled a negligence claim against Thiessen.

"The elements of a negligence cause of action [under California law] are duty to use due care and breach of duty, which proximately causes injury." Lopez v. City of L.A., 196 Cal. App. 4th 675, 685 (2011). Plaintiff alleges:

> Thiessen . . . owed Plaintiff the duty to exercise reasonable care at or about the times of the aforementioned incidents. . . . Thiessen, by her conduct alleged herein, negligently, carelessly, and wrongfully breached her duty to use reasonable care owed to Plaintiff. . . . As a direct and proximate result of [Thiessen's] negligence, Plaintiff has suffered damages and injuries as alleged herein.

(Compl. ¶¶ 38-39, 42.) Plaintiff's negligence claim against Thiessen "offers 'labels and conclusions' [and] 'a formulaic recitation of the elements of a cause of action'" for negligence. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557 (2007)). Plaintiff's Complaint "fails to distill how [Thiessen] owed . . . a duty to [P]laintiff[] and breached it as to [him]." Arres, 2011 WL 284971, at *25. Therefore, Plaintiff's negligence claim against Thiessen is dismissed.

Thiessen also argues Plaintiff's battery claim against her should be dismissed, since "Plaintiff's complaint makes clear that . . . Thiessen was not present at and did not participate in any contacts with [P]laintiff[.]" (Mot. 9:1-2.) Under California law, "[a]

battery is any intentional, unlawful and harmful contact by one person with the person of another." Ashcraft v. King, 228 Cal. App. 3d 604, 611 (1991). "A harmful contact, intentionally done is the essence of a battery." Id. Here, Plaintiff's Complaint contains no allegations that Thiessen intentionally and harmfully contacted Plaintiff; therefore, Plaintiff's battery claim against Thiessen is dismissed.

### IV. Conclusion

For the stated reasons, each Defendant's motion to dismiss is granted. Plaintiff is granted fourteen (14) days from the date on which this order is filed to file an amended complaint addressing the deficiencies of the claims in his Complaint. Further, Plaintiff is notified his Complaint may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if he does not file an amended complaint within this prescribed time period.

Dated: September 9, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge