IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
BRYAN DENMAN,                    )
                                 )   2:11-cv-00310-GEB-JFM
          Plaintiff,             )
                                 )
     v.                          )   ORDER
                                 )
                                 )
CITY OF TRACY, DOES 1-20,        )
inclusive,                       )
                                 )
          Defendants.            )
_____)
```

Defendant moves for dismissal of Plaintiff's municipal liability claim under Federal Rule of Civil Procedure 12(b)(6). This claim is alleged under 42 U.S.C. § 1983, and is premised on Plaintiff's allegations that his Fourth Amendment rights were violated by police officers employed by Defendant. Defendant argues this claim should be dismissed, because it "contains no facts . . . show[ing] a plausible § 1983 claim for relief against [Defendant] under any theory" of municipal liability. (Def.'s Mot. to Dismiss 7:18-8:18.) Plaintiff opposes the motion, arguing that he "adequately pled <u>Monell</u> liability," since "[i]t is certainly plausible that the type of intentional and deliberate excessive force alleged in this matter was a direct and proximate result of [Defendant's] failure to properly train, discipline, supervise or have written policies in place to prevent such conduct." (Pl.'s Opp'n 5:8-23.)

However, Plaintiff "tenders [only] 'naked assertions' devoid of 'further factual enhancement'" in this claim. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 557 (2007)). The "nonclusory 'factual content' [of this claim], and reasonable inferences from that content, [are not] plausibly suggestive of a claim" that Defendant "was on actual or constructive notice that its omission[s] [in training, supervision, and discipline] would likely result in a constitutional violation." <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009) (internal citation omitted); <u>Gibson v. Cnty of Washoe, Nev.</u>, 290 F.3d 1175, 1186 (9th Cir. 2002). Therefore, Defendant's dismissal motion is granted.

Plaintiff is granted fourteen (14) days from the date on which this order is filed to file an amended complaint addressing the deficiencies of the § 1983 claim. Further, Plaintiff is notified his § 1983 claim for municipal liability may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if he does not file an amended complaint within this prescribed time period.

Dated:  November 18, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge