IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN DENMAN,                              )
                                           )    2:11-cv-00310-GEB-JFM
              Plaintiff,                   )
                                           )
         v.                                )    ORDER
                                           )
                                           )
CITY OF TRACY, DOES 1-20,                  )
inclusive,                                 )
                                           )
              Defendants.                  )
_____           )

          Defendant moves for dismissal of Plaintiff's municipal
liability claim under Federal Rule of Civil Procedure 12(b)(6). This
claim is alleged under 42 U.S.C. § 1983, and is premised on Plaintiff's
allegations that his Fourth Amendment rights were violated by police
officers employed by Defendant. Defendant argues this claim should be
dismissed, because it "contains no facts . . . show[ing] a plausible
§ 1983 claim for relief against [Defendant] under any theory" of
municipal liability. (Def.'s Mot. to Dismiss 7:18-8:18.) Plaintiff
opposes the motion, arguing that he "adequately pled Monell liability,"
since "[i]t is certainly plausible that the type of intentional and
deliberate excessive force alleged in this matter was a direct and
proximate result of [Defendant's] failure to properly train, discipline,
supervise or have written policies in place to prevent such conduct."
(Pl.'s Opp'n 5:8-23.)

1      However, Plaintiff "tenders [only] 'naked assertions' devoid

2 of 'further factual enhancement'" in this claim. Ashcroft v. Iqbal, 129

3 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550

4 U.S. 544, 555, 557 (2007)). The "nonclusory 'factual content' [of this

5 claim], and reasonable inferences from that content, [are not] plausibly

6 suggestive of a claim" that Defendant "was on actual or constructive

7 notice that its omission[s] [in training, supervision, and discipline]

8 would likely result in a constitutional violation." Moss v. U.S. Secret

9 Serv., 572 F.3d 962, 969 (9th Cir. 2009) (internal citation omitted);

10 Gibson v. Cnty of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002).

11 Therefore, Defendant's dismissal motion is granted.

12      Plaintiff is granted fourteen (14) days from the date on which

13 this order is filed to file an amended complaint addressing the

14 deficiencies of the § 1983 claim. Further, Plaintiff is notified his §

15 1983 claim for municipal liability may be dismissed with prejudice under

16 Federal Rule of Civil Procedure 41(b) if he does not file an amended

17 complaint within this prescribed time period.

18 Dated:  November 18, 2011

19

20                                      
GARLAND E. BURRELL, JR.

21                               
United States District Judge

22

23

24

25

26

27

28