IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN DENMAN,

      Plaintiff,                               No. CIV 2:11-cv-0310-GEB-JFM

      vs.

CITY OF TRACY, *et al.*,

      Defendants.                    <u>ORDER</u>

_____/

         On October 18, 2012, the court held a hearing on plaintiff's motion for order permitting plaintiff to disclose confidential materials to his criminal defense attorney. Doc. No. 43. Michael Bracamontes appeared for plaintiff. Richard Osman appeared for defendants. On review of the motion, the documents filed in support and opposition, hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

                  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

         Plaintiff initiated this civil rights action on February 2, 2011 naming as defendants the City of Tracy and a number of City of Tracy police officers for violation of his constitutional rights following plaintiff's arrest on August 31, 2010 in Tracy, California, and for state claims of negligence and battery. This action is proceeding on a third amended complaint filed January 10, 2012.

1

1   On February 7, 2012, and based on the consent of the parties, this action was
2   stayed pending the resolution of criminal charges filed against plaintiff for resisting arrest
3   relating to the August 31, 2010 incident.
4   Plaintiff now moves this court for an order permitting plaintiff to disclose to his
5   criminal defense attorney confidential materials that are subject to a November 8, 2011
6   protective order (Doc. No. 24) issued in this case.  Defendants oppose the motion.

## DISCUSSION

8   Pursuant to the stipulated protective order, the following materials are deemed
9   "confidential": "Any and all police reports and other investigate materials disclosed by
10  defendants in discovery."  See Doc. No. 24 at 2.  As confidential material, they may be disclosed
11  only to the following persons:

> (a) parties and counsel for any party to this litigation; (b) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel for the parties in this litigation; (c) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial in this action; (d) any outside expert or consultant retained by any party to the action in connection with the action, and not otherwise employed by either party; and, (e) any "in-house" expert designated by any party to testify at trial in this matter.

16  Id.

17  By way of his motion, plaintiff seeks modification of the protective order in order
18  to be able to present certain documents provided by defendants in this action to his criminal
19  defense attorney.  The documents at issue include a recorded interview of plaintiff, a video of the
20  traffic stop resulting in plaintiff's arrest, photographs of plaintiff, police report of plaintiff's
21  arrest, and booking/arrest records.  Plaintiff asserts that a modification is warranted so that he
22  could present a fair and complete defense in the criminal action.
23  Defendants oppose this request on the ground that plaintiff is attempting to
24  subvert the criminal discovery process by modifying a protective order and thereby obtaining
25  documents pursuant to the broader rules of discovery.
26  /////

A district court has the power to modify or lift a protective order that it has entered. <u>Empire Blue Cross & Blue Shield v. Janet Greeson's A Place for Us, Inc.</u>, 62 F.3d 1217, 1219 (9th Cir. 1995). The issue is left to the sound discretion of the trial court. <u>See</u>, <u>e.g.</u>, <u>In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation</u>, 101 F.R.D. 34, 40-41 (C.D. Cal. 1984); <u>see</u> also <u>Beckman Industries, Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 474 (9th Cir. 1992) (request to modify a protective order reviewed for abuse of discretion).

The parties both agree that there must be good cause shown before a protective order can be vacated. <u>Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.</u>, 234 F.R.D. 175, 179 (N.D. Ill. 2006) ("It should be no surprise that, there having been good cause to enter the protective order in the first place, there must be good cause shown before it can be vacated"). The party seeking to vacate or modify the protective order bears the burden to demonstrate good cause. <u>Id.</u>

In <u>Campbell v. Eastland</u>, 307 F.2d 478, 487 (5th Cir. 1962), the plaintiff brought a civil action for a tax refund while a criminal prosecution of the plaintiff for tax fraud was being considered. <u>Id.</u> at 481. Although the government had not yet presented the case against the plaintiff to a grand jury, the I.R.S. moved to stay the civil suit pending the outcome of its criminal investigation. <u>Id.</u> at 481-82. The district court denied the I.R.S.'s motion and granted judgment for the plaintiff. <u>Id.</u> at 483-85. On appeal, the Fifth Circuit reversed pointing to the dangers of allowing a civil case to go forward where it is intimately related to an ongoing criminal case, especially given the clear cut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial, and between the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. <u>Id.</u> at 487. There, the court stated that "[a] litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial. Judicial discretion and procedural flexibility should be

/////

utilized to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." Id.

Here, plaintiff asserts that he should be permitted to "provide[ ] a fair and complete defense in the criminal action." Yet this, without more, does not constitute "good cause" to modify the protective order. Furthermore, that the information at issue here is "relevant to" and "related to" the criminal action is a non-starter. These matters are obviously related to one another: they arise from the same arrest for which plaintiff here claims violations of his constitutional rights. In fact, this matter was stayed precisely because of the relatedness of the two actions. Finally, plaintiff must do more than state that the information obtained here in civil discovery "are necessary for his defense in the criminal action." Although it is indisputable that criminal discovery is more restrictive than civil discovery, plaintiff does not articulate how the traditional criminal discovery rules would prevent him from providing a complete defense. In fact, any restrictions in a criminal action are in place "to prevent perjury and manufactured evidence, to protect potential witness from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment." S.E.C. v. Nicholas, 569 F. Supp. 2d 1065, 1072 (C.D. Cal. 2008). As the Nicholas court recognized, "the criminal discovery rules were crafted with an eye toward fairness for all concerned—the defendant, the prosecution, and the public. The Court rejects any implication that leaving [plaintiff here] with only criminal discovery mechanisms somehow prejudices [his] defense." Id. at 1072 n.8.

In his reply, plaintiff argues that the information obtained through civil discovery that he seeks to provide to his criminal defense attorney is precisely the type of information that a prosecuting attorney must disclose to a criminal defendant. This information includes:

> (a) The names and addresses of persons the prosecutor intends to call as witnesses at trial.
>
> (b) Statements of all defendants.

1  (c) All relevant real evidence seized or obtained as a part of the investigation of the offenses charged.

2  (d) The existence of a felony conviction of any material witness whose credibility is likely to be critical to the outcome of the trial.

3  (e) Any exculpatory evidence.

4  (f) Relevant written or recorded statements of witnesses or reports of the statements of witnesses whom the prosecutor intends to call at the trial, including any reports or statements of experts made in conjunction with the case, including the results of physical or mental examinations, scientific tests, experiments, or comparisons which the prosecutor intends to offer in evidence at the trial.

Cal. Pen. Code § 1054.1.  Because the information plaintiff intends to provide his criminal defense attorney is, per plaintiff, the type of information he can obtain directly from the prosecuting attorney in the criminal action, plaintiff's motion will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for order permitting plaintiff to disclose confidential materials to his criminal defense attorney is denied.

DATED: October 25, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;denm0310.jo